UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                             No.  18-CR-00656-LTS

CARLOS ALVAREZ,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

By motion dated August 13, 2020 (Docket Entry No. 98, ("Mot.")), and supplemental motion dated October 20, 2020 (Docket Entry No. 121 ("Supp. Mot.")), Defendant Carlos Alvarez moves for release from detention under provisions of the Bail Reform Act, 18 U.S.C. sections 3143(a) and 3145(c), pending his sentencing hearing, which is scheduled for December 16, 2020.  (See Docket Entry No. 116.)  Mr. Alvarez seeks release based principally upon his risk of contracting and suffering severe illness from COVID-19 infection while detained at the Brooklyn Metropolitan Detention Center (the "MDC").  The Court has thoroughly reviewed and considered the arguments made by both parties[1] and, for the following reasons, denies Mr. Alvarez's motion.

Mr. Alvarez was arrested on the instant narcotics and firearms charges on August 14, 2018.  On August 15, 2018, he was detained on consent without prejudice to his filing a motion for release pending trial.  (Docket Entry No. 4.)  On October 31, 2018, he filed such a motion pursuant to 18 U.S.C. section 3142(b).  (Docket Entry No. 17.)  On December 13, 2018, after a hearing, the Court denied Mr. Alvarez's motion for release.  (Docket Entry No. 28; see

---

[1]    The Court has considered Docket Entry Nos. 98, 102, 107, 108, 121, 123, and 126, as well as the other entries discussed below.

also Docket Entry No. 33 ("Dec. 13 Hr'g Tr.").)  In relevant part, the Court found (1) by clear and convincing evidence that "no condition or combination of conditions [of Mr. Alvarez's release] will reasonably assure the safety of any other person and the community," in large part because of Mr. Alvarez's alleged possession and display of a firearm in connection with the charged narcotics offenses, and Mr. Alvarez's own statements regarding his possession of that firearm; and (2) by a preponderance of the evidence that "no condition or combination of conditions of release will reasonably assure the defendant's appearance as required," in large part because of Mr. Alvarez's exposure to a mandatory minimum sentence if convicted, and because of Mr. Alvarez's flight from FBI agents on the date of his arrest.  (Dec. 13 Hr'g Tr. at 18-21.)[2]

On September 6, 2019, Mr. Alvarez pleaded guilty to six counts of distributing mixtures and substances containing detectable amounts of cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C), one count of possession with intent to distribute mixtures and substances containing a detectable amount of cocaine, and mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C), and one count of using, carrying, and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. section 924(c)(1)(A)(i).  (Docket Entry No. 56.)

---

[2]   The Government proffered that, when FBI agents and New York City Police Department officers arrived at Mr. Alvarez's workplace on August 14, 2018, he led them on a foot chase through downtown Manhattan, and ultimately fled to his girlfriend's apartment in the Bronx, before being apprehended.  (Dec. 13 Hr'g Tr. at 6.)  At the December 13, 2018, hearing, Mr. Alvarez argued that he fled his workplace on that date because he believed a black SUV trailing him on the street was related to a co-worker who had threatened him.  (Id. at 7-8.)  The Court found, however, that "the circumstantial evidence that his flight was triggered by knowledge that authorities were coming to get him [was] strong."  (Id. at 19.)

In the current motion, Mr. Alvarez argues that he should be ordered released from custody pursuant to 18 U.S.C. sections 3143(a) and 3145(c).  Due to his conviction for a narcotics offense carrying a maximum sentence of ten years or more, Mr. Alvarez is subject to mandatory detention pending sentencing pursuant to section 3143(a)(2) unless the Court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and the Court finds "by clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community."  18 U.S.C.A. § 3143(a)(2) (Westlaw through P.L. 116-188); see also id. § 3142(f)(1)(C) (Westlaw through P.L. 116-188).[3] However, section 3145(c) provides that a "person subject to detention pursuant to [18 U.S.C.] section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C.] section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C.A. § 3145(c) (Westlaw through P.L. 116-188). Section 3143(a)(1) in turn provides that a Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]"  18 U.S.C.A. § 3143(a)(1).  Therefore, in order to be released pending sentencing, Mr. Alvarez must establish both that he "is not likely to flee or pose a danger to the safety of any other person or the

---

[3]  Mr. Alvarez does not argue, and the Court finds no basis for concluding, that there is a substantial likelihood that a motion for acquittal or new trial will be granted.  No attorney for the Government has recommended that no sentence of imprisonment be imposed in this case.

community if released," and that "there are exceptional reasons why [his continued] detention would not be appropriate." 18 U.S.C.A. §§ 3143(a)(1), 3145(c). This analysis is entrusted to the trial court's discretion. United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991).

There is no clear and convincing evidence that Mr. Alvarez "is not likely to flee . . . if released." 18 U.S.C.A. § 3143(a)(1). Although Mr. Alvarez has already been detained for approximately 27 months, he still faces a mandatory minimum sentence of five years and a stipulated advisory sentencing guidelines range of 68 to 74 months' imprisonment. (Docket Entry No. 87 ("PSR") ¶ 13(f).) He thus still has a significant motive to flee if he is released. See United States v. Newton, No. 18-CR-373-5 (RJS), 2020 WL 1862630, at *1 (S.D.N.Y. Apr. 13, 2020) ("Newton has not convinced the Court that he does not pose a flight risk. For starters, Newton has significant motive to flee. He is facing a minimum sentence of five years, a sentencing guidelines range of 87 to 108 months' imprisonment, and the certainty of lengthy incarceration given that he has already pleaded guilty to a serious felony."). Furthermore, while the Court recognizes and appreciates Mr. Alvarez's ties to the community and proposed release plan (see Mot. at 3-4; Supp. Mot. at 3-4), the Court concludes for the reasons relied upon in the Court's prior decision (see Dec. 13 Hr'g Tr. at 19), as well as those proffered in the Government's opposition brief (Docket Entry No. 108 ("Opp.") at 4)—including Mr. Alvarez's flight from FBI agents on the date of his arrest—that Mr. Alvarez has not shown by clear and convincing evidence that he is not likely to flee if released.

Clear and convincing evidence that Mr. Alvarez does not "pose a danger to the safety of any other person or the community if released" is also lacking. 18 U.S.C.A. § 3143(a)(1). Mr. Alvarez's admitted sales of narcotics and possession of a firearm in connection with those sales, together with his own statements about his willingness to sell narcotics,

firearms, and ammunition (see PSR ¶¶ 16-24), weigh strongly against such a finding.  See, e.g., United States v. Jones, No. S1 19-CR-125 (VSB), 2020 WL 1934997, at *4 (S.D.N.Y. Apr. 22, 2020) (finding that a defendant had not established by clear and convincing evidence that he was not a danger to the community where that defendant admitted during his plea allocution to participating in a five-year narcotics conspiracy "during which he possessed an unlicensed firearm to protect his drugs and himself," while on parole, and was subject to a mandatory five-year sentence).  While Mr. Alvarez correctly notes that there is no evidence in the record that he has in fact perpetuated any acts of violence in recent years (Supp. Mot. at 4; PSR ¶¶ 46-51), or while in custody (PSR ¶ 14), his willingness to possess and sell firearms and narcotics, notwithstanding his criminal history, counsels against a finding that his release would not pose a danger to the community.  See, e.g., United States v. Wiggins, No. 1:19-CR-00094 (EAW), 2020 WL 3579476, at *2 (W.D.N.Y. June 29, 2020) (denying motion for release pending sentencing, notwithstanding the ongoing COVID-19 pandemic, where a defendant pled guilty to possession of cocaine, heroin, and fentanyl, with the intent to distribute those narcotics; possessed a firearm notwithstanding prior criminal convictions prohibiting him from doing so; and fled on foot when approached by law enforcement).

Because the Court finds that there is no clear and convincing evidence that Mr. Alvarez "is not likely to flee or pose a danger to the safety of any other person or the community if released," the Court need not address whether Mr. Alvarez has shown that "there are exceptional reasons why [his continued] detention would not be appropriate."  18 U.S.C.A. §§ 3143(a)(1), 3145(c).  See also United States v. Belfiore, No. 15-CR-00242 (JFB), 2020 WL 3000499, at *2 (E.D.N.Y. June 3, 2020) ("Given that the Court cannot find by clear and convincing evidence that he is not likely to flee, the Court need not address whether the

defendant can satisfy the additional requirement of 'exceptional reasons' [based on the COVID-19 pandemic]."). The Court notes, however, that while Mr. Alvarez has raised serious concerns that his health conditions (including hypertension, obesity, and a history of a heart attack) place him at a heightened risk of severe illness from COVID-19 infection (see PSR ¶¶ 73-75; Mot. at 4-7; Supp. Mot. at 4-7; see also Docket Entry Nos. 102, 107, 126), the MDC has taken substantial steps to curtail the spread of COVID-19 among its detained population (see Opp. at 5-8), and currently reports only two inmates who are positive for COVID-19 infection out of a total population of 1,339. See Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus (last visited November 18, 2020); Bureau of Prisons, MDC Brooklyn, https://www.bop.gov/locations/institutions/bro (last visited November 18, 2020). Moreover, it is not clear how much longer Mr. Alvarez will be detained at the MDC, given his upcoming sentencing hearing, or where the Bureau of Prisons may transfer him after he is sentenced.

For the reasons stated above, Mr. Alvarez's motion for release pending sentencing is denied.[4]

---

[4] In his supplemental motion, Mr. Alvarez argues that the Government engaged in "sentencing factor manipulation" by declining to arrest Mr. Alvarez "immediately after" the first sale of narcotics as to which Mr. Alvarez is charged, and that, had the Government done so, it would not have been able to charge Mr. Alvarez with any firearm offenses. (Supp. Mot. at 10.) "Sentencing manipulation," a theory which the Second Circuit has "not yet recognized," would, if it were applicable, "require a showing of 'outrageous' misconduct" on behalf of the Government. United States v. Cromitie, 727 F.3d 194, 226 (2d Cir. 2013) (citations omitted). Mr. Alvarez makes no such showing here. See also United States v. Dos Santos, 979 F. Supp. 949, 952 (E.D.N.Y. 1997) (quoting United States v. Garcia, 79 F.3d 74, 76 (7th Cir. 1996)) ("A suspect has no constitutional right to be arrested when the police have probable cause. . . . It is within the discretion of the police to decide whether delaying the arrest of the suspect will help ensnare co-conspirators, . . . will give the police greater understanding of the nature of the criminal enterprise, or merely will allow the suspect [to further incriminate himself].").

Mr. Alvarez's sentencing hearing remains scheduled to occur by video conference (as Mr. Alvarez has requested, see Docket Entry No. 109 at 7:10-16) the morning of **December 16, 2020**. No date, time, or modality can be confirmed before the end of the preceding week, so counsel are requested to keep their calendars open between the hours of **9 a.m. and 2 p.m. on December 16, 2020**, until further notice.

This Order resolves all outstanding motions. The parties are directed to file a joint letter, by **November 25, 2020,** confirming that there is no outstanding request from either party for an evidentiary hearing (see Docket Entry No. 104), and that the parties are prepared to proceed with sentencing on December 16, 2020. In that connection, the defense sentencing submission is due on **December 2, 2020**, and the Government's sentencing submission is due on **December 9, 2020**. (See Sentencing Submission Procedures of Judge Laura Taylor Swain § 1.)

Docket Entry Nos. 17, 98, and 121 are resolved.

SO ORDERED.

Dated: New York, New York
November 18, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge