UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                     No.  18-CR-656-LTS

CARLOS ALVAREZ,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received Defendant Carlos Alvarez's pro se letter-motion dated March 7, 2022 (docket entry no. 194), requesting that this Court reduce his custodial sentence to time served. For the following reasons, Mr. Alvarez's motion is denied.

As chronicled in greater detail in the Court's Memorandum Order dated August 10, 2021 (docket entry no. 187 (the "August 10 Order")), which denied Mr. Alvarez's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), the Court sentenced Mr. Alvarez on May 4, 2021, to a total of 60 months and one day of imprisonment, to be followed by a three-year supervised release term, in connection with his conviction of seven narcotics offenses, each a violation of 21 U.S.C. section 841(b)(1)(C), and one count of using or carrying a firearm during and in relation to a narcotics offense, in violation of 18 U.S.C. section 924(c)(1)(A)(i).[1] Mr. Alvarez filed a Notice of Appeal of his conviction and sentence (docket entry no. 178); that appeal remains pending. He also filed a motion for a reduction in sentence based principally on his health conditions, his risk of severe illness from COVID-19 infection, and his experience in custody during the COVID-19 pandemic. (Docket entry no. 179.)

---

[1]     Familiarity with the August 10 Order is assumed.

Although the Court lacked authority to grant that motion given Mr. Alvarez's Notice of Appeal, the Court denied the motion, on the merits, pursuant to Federal Rule of Criminal Procedure 37(a)(2).  Mr. Alvarez then filed a Notice of Appeal as to the August 10 Order (docket entry no. 189); that appeal, too, remains pending.

   Mr. Alvarez's March 7 letter-motion seeks a reduction of his custodial sentence to time served on the principal grounds that the residential reentry center ("RRC") at which he is serving the remaining two months of his custodial sentence is not following CDC safety protocols to prevent the spread of COVID-19, and that his RRC placement in the Bronx is frustrating his efforts to complete tasks associated with his planned reentry into the community.[2]

   As explained in the August 10 Order, Mr. Alvarez's appeals "divest[ ] the district court of its control over those aspects of the case involved in the appeal[s]."  U.S. v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (citation omitted).  This Court therefore lacks authority to modify Mr. Alvarez's sentence during the pendency of his appeal(s), although Federal Rule of Criminal Procedure 37(a) authorizes the Court to (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  In this case, the Court reaches the merits of, and denies, Mr. Alvarez's March 7 letter-motion.

   To the extent it can be construed as a motion for reconsideration of the Court's August 10 Order, Mr. Alvarez's letter-motion does not proffer any "intervening change of controlling law, [ ] availability of new evidence, or [ ] need to correct a clear error or prevent manifest injustice," warranting reconsideration of that Order.  See United States v. Nero, No. 13-CR-271-LTS, 2021 WL 1534392, at *1 (S.D.N.Y. Apr. 19, 2021) (explaining that

---

[2] Mr. Alvarez is from and owns an apartment in Manhattan.

reconsideration of a previous court order is an "extraordinary remedy to be employed sparingly," and that a movant bears a "heavy burden" as to such a motion (citations omitted)). Mr. Alvarez's new claims that his RRC is not following unspecified CDC guidelines, and that the RRC's location in the Bronx inconveniences his efforts to prepare for reentry into the community in Manhattan, do not amount to "new evidence" warranting reconsideration. (See also August 10 Order at 5-7.)

To the extent it is construed as a new motion for a reduction in sentence based on Mr. Alvarez's circumstances since the August 10 Order, the March 7 letter-motion does not meet Mr. Alvarez's burden to proffer "extraordinary and compelling reasons" warranting a reduction in his sentence. 18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-80).[3] As the Court held in the August 10 Order (at 5-7), Mr. Alvarez's risk of suffering severe illness from COVID-19 infection is mitigated somewhat by his age, vaccination status, and the comparatively low rates of COVID-19 transmission in the New York City area at this time. See CDC, COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#datatracker-home (last visited March 18, 2022) (reflecting a 7-day moving average of 923 new COVID-19 cases per day in New York City as of March 16, 2022, as compared to a high of 40,465 new cases per day as of January 9, 2022). Moreover, while the Court appreciates Mr. Alvarez's earnest desire to reenter the

---

[3] Nor has Mr. Alvarez shown that he has exhausted section 3782's administrative remedies as to any such new circumstances. "[C]ourts have generally required an inmate to present to the warden of his or her facility the 'the same or similar ground for compassionate release' he or she plans to raise in a motion to the court, in order to properly exhaust that ground." United States v. Collado, No. 14-CR-731-LTS, 2021 WL 2555838, at *3 (S.D.N.Y. June 21, 2021) (citation omitted). "To the extent [Mr. Alvarez] has not satisfied [section 3782's] exhaustion requirement, however, the Court still reaches the merits of his application in the interest of judicial efficiency." United States v. Frame, No. 13-CR-271-LTS, 2021 WL 1338822, at *1 n.1 (S.D.N.Y. Apr. 8, 2021) (collecting cases).

community, resume his employment, and address his outstanding personal matters, the limitations on Mr. Alvarez's movement and actions inherent in RRC housing are not extraordinary so as to frame a basis for a reduction in his sentence.

Therefore, and for the reasons stated in the Court's August 10 Order, the Court concludes that the sentence imposed on Mr. Alvarez remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Alvarez's sentence. Mr. Alvarez's letter-motion dated March 7, 2022, is denied.

Docket entry no. 194 is resolved.

Chambers will mail a copy of this Order to Mr. Alvarez.

SO ORDERED.

Dated: New York, New York
March 18, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**

Carlos Alvarez
Reg. No. 86049-054
Bronx Community Reentry Center
2534 Creston Avenue
Bronx, New York 10468